UNITED STATES COURT OF APPEALS
**Filed 1/4/96**
TENTH CIRCUIT

JERRY MILLER,

    Plaintiff - Appellant,

    v.

BILL STORY, Warden, USP ADX, individually and in his official capacity; CLAUDIA HILL, Case Manager Coordinator, individually and in her official capacity; S. M. RAWLETT, Unit Manager, USP ADX, Florence, individually and in his official capacity; R. JONES, Correctional Counselor, USP ADX, Florence, individually and in his official capacity; JANET RENO,

    Defendants - Appellees.

No. 95-1409

D. Colorado

(D.C. No. 95-S-2021)

---

### ORDER AND JUDGMENT[*]

---

Before **ANDERSON, BARRETT**, and **LOGAN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Jerry Miller, an inmate at U.S.P., Administrative Maximum (A.D.X.), Florence, Colorado, appeals the dismissal under 28 U.S.C. § 1915(d) of his civil rights suit. In Miller's complaint he asserts several variations on his claim that his constitutional rights have been violated by the defendants' failure to keep him out of contact with inmates who may retaliate against or attack him for being an informant in 1982, among other things. He claims a liberty interest based on statute, regulations, and internal prison classification documents. He also claims fear of injury, but after the district court pointed out that he has failed to identify any inmate in contact with him at Florence belonging to the group he fears, he urges on appeal that there may be unknown persons who could hurt him. He bases his statement on a phrase used in institutional documents. Finally, Miller asserts that the district court abused its discretion by dismissing the action prior to service of process.

We have examined the record, including Miller's arguments on appeal and conclude, substantially for the reasons set out in the district court's Order of Dismissal, that the district court did not err.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge